**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

AARON ALEXANDER PETTY,           )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    1:10CV573
                                 )
KEVIN LAWRENCE KRAUSE and THE    )
DAVIDSON COUNTY JAIL,            )
                                 )
            Defendants.          )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendants' Motion to Dismiss (Docket Entry 10) and Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry 18). (See Docket Entry dated Apr. 14, 2011; see also 28 U.S.C. § 636(b)(1).) For the reasons that follow, Defendants' instant Motion should be granted in part and denied in part and Plaintiff's instant Motion will be denied.

BACKGROUND

This case began when Plaintiff filed a pro se Complaint against the above-captioned Defendants under 42 U.S.C. § 1983. (Docket Entry 1.) The Complaint alleges that:

1) while confined in Davidson County's detention facility, Plaintiff suffered physical injuries due to an unwarranted use of force by a jail employee, Defendant Krause (id. at 3); and

2) Plaintiff "was also deprived the [sic] proper medical attention that [he] needed and placed in isolation to cover up what [Defendant] Krause did to [Plaintiff]" (id.).

The Court issued Summonses to Plaintiff for Defendants and he subsequently filed Proofs of Service as to Defendants. (Docket Entries 3, 4, 7, 8.) Defendants thereafter moved to dismiss for insufficient service of process (and thus lack of personal jurisdiction) under Federal Rule of Civil Procedure 12(b)(2) and (5) and for failure to state a claim against Defendant Davidson County Jail under Federal Rule of Civil Procedure 12(b)(6). (Docket Entries 10, 11.) Plaintiff responded in opposition and moved for leave to amend his Complaint. (Docket Entries 18, 19.)

Plaintiff attached a copy of his proposed Amended Complaint to his brief opposing Defendants' Motion to Dismiss. (Docket Entry 19-1.) That proposed pleading contained the same factual allegations as the original Complaint, but:

1) substituted Davidson County Sheriff David Grice and "Davidson County, et al." as Defendants in place of "Davidson County Jail" (id. at 2; see also Docket Entry 18 at 1); and

2) clarified that Plaintiff wished to proceed against Defendant Krause in both his individual and official capacities (Docket Entry 19-1 at 4; see also Docket Entry 18 at 1).

Defendants responded in opposition to Plaintiff's motion seeking leave to amend based on the alleged futility of the proposed amendment. (Docket Entry 20.)

## DISCUSSION

### Defendants' Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint falls short if it does not "contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Moreover, although the Supreme Court has reiterated the importance of affording pro se litigants the benefit of liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se*

<mark>-3-</mark>

complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)), cert. denied, 130 S. Ct. 2064 (2010).

In connection with their instant Motion (see Docket Entry 11 at 3-4), Defendants correctly have observed that Plaintiff cannot state a claim against Defendant Davidson County Jail (whether denominated as such or by its apparently proper name, i.e., Davidson County Detention Center), because that entity does not constitute a person subject to suit under Section 1983. See, e.g., Tate v. Franklin, No. 1:09CV230, 2010 WL 2266995, at *2 (M.D.N.C. June 3, 2010) (Sharp, M.J.) (unpublished) (recommending dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of complaint under 42 U.S.C. § 1983 against "Orange County Jail" on ground that it was "not [an] entit[y] subject to suit"); Jones v. Lexington Cnty. Det. Ctr., 586 F. Supp. 2d 444, 451 (D.S.C. 2008) ("The Lexington County Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Lexington County Detention Center is not a 'person' subject to suit under 42 U.S.C. § 1983."); Flores v. Henderson Cnty. Det. Ctr., No. 1:07CV120-01-MU, 2007 WL 1062973, at *1 (W.D.N.C. Apr. 4, 2007) (unpublished) ("[A] county detention center is not a proper party to a § 1983 claim.").

The Court thus should grant Defendants' Motion to Dismiss to the extent it seeks dismissal of all claims against Defendant

Davidson County Jail under Federal Rule of Civil Procedure 12(b)(6).

As to Defendants' arguments regarding insufficiency of service of process and thus lack of personal jurisdiction (see Docket Entry 11 at 4-6) (which the preceding recommendation has made moot as to Defendant Davidson County Jail), the Court should allow Plaintiff an opportunity to remedy his (admitted (see Docket Entry 19 at 1)) failure to include a copy of the Complaint with the Summons he had served upon Defendant Krause. See Miller v. Northwest Region Library Bd., 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004) (Beaty, J.) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process . . . ."). Accord Lisson v. ING GROEP N.V., 262 Fed. Appx. 567, 571 (5th Cir. 2007); Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993).[1] The Court therefore should deny Defendants' instant Motion to the extent it requests dismissal of this action via Federal Rule of Civil Procedure 12(b)(2) and (5).

Plaintiff's Motion for Leave to File an Amended Complaint

As noted above, Plaintiff seeks leave to amend his Complaint to substitute Sheriff Grice and "Davidson County, et al." as defendants in place of Defendant Davidson County Detention Center and to assert an official capacity claim (as well as an individual

---

[1] To facilitate the necessary corrective action, the Court will direct counsel for Defendants to file a notice with the Court stating whether he will accept service of the Complaint on behalf of Defendant Krause (which, in the interest of efficiency, the Court then will carry out for Plaintiff via the CM/ECF system) or whether Plaintiff must make service of the Complaint on Defendant Krause directly.

-5-

capacity claim) against Defendant Krause. "The [C]ourt should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons to deny leave to amend a pleading include "futility of amendment," id. "An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." Syngenta Crop Prod., Inc. v. Environmental Prot. Agency, 222 F.R.D. 271, 278 (M.D.N.C. 2004) (Tilley, C.J.).

Defendants' response opposing Plaintiff's instant Motion (see Docket Entry 20 at 3-7) properly notes that Plaintiff's proposed amendment is futile because his Complaint and his draft Amended Complaint lack sufficient factual allegations to state a claim against Sheriff Grice, "Davidson County, et al.," and/or Defendant Krause in his official capacity. See generally Giarratano, 521 F.3d at 304 n.5 (reiterating that Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions" (internal quotation marks omitted)). First, neither the Complaint nor the proposed Amended Complaint alleges any personal involvement by Sheriff Grice as to any alleged unlawful activity (see Docket Entry 1 at 3; Docket Entry 19-1 at 3). See Iqbal, 129 S. Ct. at 1948 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a

-6-

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution [or federal law]."). Second, Plaintiff cannot maintain a claim against Sheriff Grice and/or "Davidson County, et al." based on a theory of respondeat superior. See Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004) ("There is no respondeat superior liability under § 1983." (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978))). Third, the Complaint and the proposed Amended Complaint lack any allegations that the purported unlawful conduct arose from a custom, policy, or practice of Sheriff Grice (as the policy-maker for operational matters within Davidson County's jail) and/or of "Davidson County, et al.," without which Plaintiff cannot maintain a claim for institutional liability. See, e.g., Walker v. Prince George's Cty., Md., 575 F.3d 426, 431 (4th Cir. 2009).[2]

Plaintiff's request to amend his Complaint therefore will be denied.[3]

---

[2] This deficiency also forecloses any official-capacity claim against Sheriff Grice and Defendant Krause because "[s]uch a claim, in effect, is against the governmental entity employing [the official]." Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)); accord Gray v. Lewis, 51 F.3d 426, 431 (4th Cir. 1995). "[Because] the claims against the officers in their official capacities are claims against the entities for which the officers were acting . . ., it must be shown that the actions of the officers were unconstitutional and were taken pursuant to a custom or policy of the entity." Giancola v. State of W. Va. Dep't of Pub. Safety, 830 F.2d 547, 550 (4th Cir. 1987) (citing Monell, 436 U.S. at 690-92) (emphasis added); accord Gordon v. Kidd, 971 F.2d 1087, 1097 (4th Cir. 1992).

[3] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr.19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to said Motion.

**CONCLUSION**

Defendants' Motion to Dismiss should be granted to the extent it seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) of any claims against Defendant Davidson County Jail; however, said Motion should be denied to the extent it requests dismissal of this action under Federal Rule of Civil Procedure 12(b)(2) and (5). Further, the Court will deny Plaintiff's request to amend his Complaint.

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 10) be **GRANTED IN PART** in that all claims against Defendant Davidson County Jail should be dismissed under Federal Rule of Civil Procedure 12(b)(6), but that said Motion be **DENIED** in all other respects.

**IT IS ORDERED** that, by April 29, 2011, counsel for Defendants shall file a notice with the Court stating whether he will accept service of the Complaint on behalf of Defendant Krause (which, in the interest of efficiency, the Court then will carry out for Plaintiff via the CM/ECF system) or whether Plaintiff must make service of the Complaint on Defendant Krause directly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry 18) is **DENIED**.

> /s/ L. Patrick Auld
> **L. Patrick Auld**
> **United States Magistrate Judge**

April 27, 2011